# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MUHAMMAD ABU ABDULLAH,

    Plaintiff,                               CASE NO. 07-CV-12340

v.                                            DISTRICT JUDGE PAUL D. BORMAN
                                            MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S EX PARTE MOTION TO DISMISS
(Dkt. 6)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED.**

## II. REPORT

### A. Introduction

This social security case was referred by United States District Judge Paul D. Borman to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt. 3.) On August 27, 2007, Defendant filed the instant *ex parte* motion to dismiss with references to the administrative record that had not yet been provided to the Court. (Dkt. 6.) On November 6, 2007, this Court entered an Order for Further Proceedings requiring Defendant to provide the entire administrative transcript. (Dkt. 7.) On November 8, 2007, the administrative transcript was filed as ordered. (Dkt. 8.) On December 7, 2007, Plaintiff filed a "motion to review

ruling by Judge Golden."[1] (Dkt. 9.) Upon review of file, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for Report and Recommendation without oral argument.

B.    Analysis & Conclusions

Defendant contends that Plaintiff's complaint should be dismissed because Plaintiff received a fully favorable decision from Defendant Commissioner. (Dkt. 6 at 2-3.) Defendant notes that although Plaintiff initially alleged that he became disabled on November 1, 2002 (Tr. at 58-60), after he was appointed counsel, his counsel amended Plaintiff's application to change the onset date of disability to February 15, 2006. (Dkt. 6 at 2; Dkt. 8, Tr. at 218.) Since the Administrative Law Judge ("ALJ") found Plaintiff disabled as of February 15, 2006, Defendant argues that the decision was fully favorable and thus, that the complaint should be dismissed. (Dkt. 6 at 2-3.)

Review of the record indicates that on November 14, 2006, Plaintiff received a "Notice of Decision - Fully Favorable," indicating that Plaintiff was disabled and eligible for benefits beginning February 15, 2006. (Dkt. 8, Tr. at 10-19.) In his decision, ALJ Golden notes that Plaintiff, "through counsel, amended his alleged onset of disability date to February 15, 2006 (Exhibit 12F)." (Dkt. 8, Tr. at 13.) The referenced exhibit is a letter from Plaintiff's counsel to ALJ Golden asking ALJ Golden to "consider [plaintiff] disabled as of a later onset date [s]pecifically, on February 15, 2006..." due to insurance compliance issues. (Dkt. 8, Tr. at 218.)

A a party is bound by the acts of his lawyer who acts as the party's agent. Thus, Plaintiff "cannot now avoid the consequences of the acts" of his attorney and agent. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 524 (6th Cir. 2006). I further suggest that the ALJ's decision was fully

---

[1] In the event this Report and Recommendation is adopted, this motion will be rendered moot.

favorable and is not subject to review by this Court under 42 U.S.C. 405(g). *Forney v. Apfel*, 524 U.S. 266, 118 S. Ct. 1984, 141 L. Ed. 2d 269 (1998)(noting that "'a party who receives all that he has sought generally is not aggrieved...and cannot appeal from it'" and distinguishing situations where a plaintiff is entitled to appeal because relief was granted in part and denied in part); *Branham v. Comm'r of Social Security*, 191 Fed. Appx. 135, 136, 2006 WL 2034621, *1 (3rd Cir. July 20, 2006)("we have nothing to review with regard to her...application because she is not entitled to any further relief based on that application").

Accordingly, I suggest that Defendant's motion to dismiss (Dkt. 6) should be granted and that Plaintiff's "motion to review ruling by Judge Golden" (Dkt. 9) be denied as moot.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                       s/ *Charles E Binder*
                                       CHARLES E. BINDER
Dated: December 18, 2007             United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Brunson and the Commissioner of Social Security, and served on Muhammad Abu Abdullah by first class mail, and served on United States District Judge Borman in the traditional manner.

Date: December 18, 2007                By     s/Patricia T. Morris
                                                        Law Clerk to Magistrate Judge Binder